This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39270

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NATHAN MICHAEL ORONA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     Defendant Nathan Orona appeals his conviction for aggravated fleeing a law enforcement officer, contrary to NMSA 1978, Section 30-22-1.1 (2003). Defendant first argues that the district court abused its discretion by refusing to strike for cause two jurors from the venire panel. Defendant next contends that the evidence did not support the jury's verdict. We affirm.

**{2}**     This nonprecedential memorandum opinion is issued solely for the benefit of the parties. Given the parties' presumed familiarity with the factual background and

proceedings in this case, we limit our factual discussion to that necessary to resolve the issues presented by this appeal.

**DISCUSSION**

**I.     The District Court Properly Exercised Its Discretion to Deny Defendant's For-Cause Challenges of Jurors 10 and 34**

{3}     Defendant argues that he was denied an impartial jury due to the district court's failure to strike certain jurors for cause. In particular, Defendant argues that Jurors 10 and 34 expressed that they could not follow the law or hold the State to its burden to prove each element of the crime beyond a reasonable doubt. Because Defendant used all of his peremptory challenges, he maintains that he was prejudiced by the district court's refusal to strike these jurors. We disagree and conclude that Defendant failed to meet his burden to establish jury bias or prejudice resulting from the district court's denial of Defendant's for-cause challenges of these jurors. *See State v. Rackley*, 2000-NMCA-027, ¶ 11, 128 N.M. 761, 998 P.2d 1212 ("As the party claiming juror bias, [the d]efendant had the burden of proving it.").

{4}     During defense counsel's exchanges with Jurors 10 and 34, the jurors responded to a hypothetical fact pattern and revealed opinions about certain kinds of evidence. The jurors' responses reflected their lay opinions and expectations about evidentiary and legal issues and did not establish that they were unwilling or unable to decide the case based on the evidence at trial and the instructions given by the district court. *See id.* (viewing juror's statements in context, rejecting an assumption that a juror is biased based on the juror's "natural expectation[s]" about the evidence, and instead focusing "on the presence or absence of evidence demonstrating that they were unwilling or unable to decide the case based on the evidence adduced at trial and the instructions given by the trial court"). Defendant did not follow up on whether Jurors 10 and 34 could—and would—follow the district court's instructions on the law and decide the case based on the testimony and exhibits that would be introduced into evidence. *See State v. Storey*, 2018-NMCA-009, ¶ 19, 410 P.3d 256 (noting the venire panel members "simply expressed their layperson views about the physiological effects of marijuana and/or the law governing driving under the influence of drugs" and declining to speculate about the jurors' suitability absent appropriate follow-up questions from the defendant).

{5}     Absent follow-up questions from Defendant, we decline to speculate, as Defendant invites us to do, that Juror 34 would have responded to the evidence at trial and the district court's instructions on the law in the same way that he responded to the hypothetical posed during voir dire. We further reject Defendant's contentions that Juror 10 displayed bias or that the district court improperly prevented follow-up questions with Juror 10. The record does not support either conclusion. In response to the hypothetical, Juror 10 twice stated she would need to see the evidence, and the district court simply asked Defendant to "move on" from the hypothetical. The district court did not otherwise prevent Defendant from following up with Juror 10. As a result, Defendant

fails to demonstrate the district court abused its discretion by denying Defendant's requests to excuse Jurors 10 and 34 for cause. *See State v. Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523 (reviewing "the trial court's rulings regarding the selection of jurors for an abuse of discretion because the trial court is in the best position to assess a juror's state of mind, based upon the juror's demeanor and credibility" (internal quotation marks and citation omitted)).

**{6}** Because we hold that the district court did not abuse its discretion in denying the for-cause challenges to Jurors 10 and 34, we need not consider Defendant's arguments that he was prejudiced. *See id.* ("Where the trial court clearly abused its discretion in failing to excuse a juror who could not be impartial, prejudice is presumed if the petitioner used all peremptory challenges on potential jurors who could be excused for cause before a jury was seated."). The record does not suggest that the jury actually empaneled was biased. *See State v. Gardner*, 2003-NMCA-107, ¶ 17, 134 N.M. 294, 76 P.3d 47 (discerning no prejudice absent a showing "that the jurors ultimately impaneled were biased or motivated by partiality" and reiterating that the defendant had a right "only to impartial jurors, not to the impartial jurors of his choice" (internal quotation marks and citation omitted)). Accordingly, Defendant was not denied the right to an impartial jury.

## II. The Evidence Supports Defendant's Conviction for Aggravated Fleeing a Law Enforcement Officer

**{7}** Turning to the sufficiency of the evidence, Defendant argues that he did not engage in dangerous driving behavior beyond typical driving behavior. Based on the evidence presented at trial, we disagree. *See State v. Vest*, 2021-NMSC-020, ¶ 39, 488 P.3d 626 (explaining that "the focus is on whether a defendant drove so dangerously that he could have hurt someone who could have been in the vicinity of the pursuit[,]" defining the question as whether the defendant "put the community at risk of harm when he fled the police[,]" and concluding that "[t]he act of driving in a dangerous manner while fleeing police is enough to convict a defendant of aggravated fleeing").

**{8}** After initially pulling over and stopping in response to Officer Chance Hooper's lights and sirens, the driver rolled backwards toward the police unit and then accelerated rapidly away from the traffic stop. During the highway pursuit, the driver passed multiple vehicles traveling in the opposite direction. The driver moved into the center turn lane and twice appeared to attempt to turn left in front of oncoming traffic but continued straight instead. The driver traveled in the center turn lane for sixteen seconds at approximately 55 miles per hour before he turned left and noticeably sped up a residential driveway. The driver proceeded quickly up a bumpy, hilly road, through a barbed wire fence. Officer Hooper could see the heads of the driver and a passenger bouncing inside the cab. After coming to an abrupt stop, the driver jumped out and ran away.

**{9}** Based on the testimony at trial, including the dashcam video of the pursuit, "a rational juror could have found the essential elements of aggravated fleeing beyond a reasonable doubt." *Id.* ¶ 40 (alteration, internal quotation marks, and citation omitted).

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm Defendant's conviction.

**{11} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**